UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bishop Wayne R. Felton, individually, and The Holy Christian Church International, | Court File No. 23-cv-467 (DTS) |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR ENFORCEMENT OF SETTLEMENT AND FOR SANCTIONS** |
| De'Mario Jives, individually, and DeMajio Media LLC, | |
| Defendants. | |

Plaintiffs' Motion for Enforcement of Settlement and for Sanctions [Dkt. No. 40] came before the Court for a hearing on November 12, 2024. Plaintiffs were represented by Pamela A. Dattilo of CrossCastle PLLC. Defendant De'Mario Jives represented himself *pro se*. Defendant DeMajio Media LLC was unrepresented by counsel and therefore did not appear.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Enforcement of Settlement and for Sanctions is **GRANTED** in part. A subsequent Order will follow on Plaintiffs' request for monetary sanctions and attorneys' fees, costs and expenses.

1.  As stated on the record on November 12, 2024, the Court adopts the oral Report and Recommendation entered by Magistrate Judge Leung on November 12, 2024 [Dkt. No. 77], recommending that the Settlement Agreement

[Dkt. No. 36] ("Settlement") be enforced by the Court and entered as a Court Order.

2.  Defendants shall fully comply with their obligations under the Settlement Agreement.

3.  Within five (5) days of this Order, Defendants shall, in compliance with Paragraph 1(a) of the Settlement [Dkt. No. 36], remove and delete all posts, statements, and other content concerning or related to Plaintiff Wayne R. Felton ("Bishop Felton"), his family, or Plaintiff Holy Christian Church International (the "Church") on any and all social media platforms, whether the platforms are public or accessible by subscription only. This includes, but is not limited to, all citations listed in Exhibit A to the Third Declaration of Wayne R. Felton [Dkt. No. 76]. "Social media platforms" includes, but is not limited to, YouTube, Facebook, Instagram, X (aka Twitter), LinkedIn, OnlyFans, Patreon, and Google. For avoidance of doubt, setting violative posts, statements, and other content to "private" does not satisfy this Order. Defendants have an affirmative duty to identify and delete all such posts, statements, and other content concerning or related to Bishop Felton, his family, or the Church.

4.  In accordance with Settlement Paragraph 1(d) [Dkt No. 36], Defendants shall affirm in writing they have not sold, distributed, or transferred, any information from their current or future online platforms to any other person, blogger, or entity, including any content ordered to be deleted. This content includes all audio, video, transcripts, emails and audio recordings pertaining to this case, all discovery items with Defendants' counsel or previous counsel, and/or metadata files of any kind. If dissemination of any violative content has

already occurred, the Defendants have a responsibility to immediately identify the party (or parties) with actual or constructive possession of the information and make a reasonable demand for them to return the information. Defendants will also then affirm in writing the elimination or destruction of the violative information.

5. On or before November 22, 2024, Plaintiffs shall file a Declaration with the Court indicating whether they agree that this Order has been fully complied with by Defendants.

6. On or before November 25, 2024, Defendant De'Mario Jives (individually) may file a Declaration in response to Plaintiffs' Declaration addressing only the subject of whether this Order has been fully complied with.

7. Upon consideration of Plaintiffs' Motion for Sanctions, the Court finds that Defendants willfully violated District of Minnesota Local Rule 16.5 and the confidentiality of the Settlement (which was placed on the record on September 11, 2024) by recording and/or streaming the confidential Settlement Conference to non-parties and thereafter posting a social media video (and subsequent social media posts) discussing the Settlement Conference and Settlement, which lead to the issuance of a Temporary Restraining Order dated September 13, 2024. On September 23, 2024, the Court entered a preliminary injunction further barring Defendants from violating the Settlement [Dkt. No. 39].

8. The Court further finds Defendants willfully violated the Temporary Restraining Order and Preliminary Injunction by failing to strictly comply with the Settlement by refusing to remove and delete all posts, statements, or other content concerning or related to Bishop Felton, his family, or the Church and

continuing to make social media content publicly discussing, by rational inference or otherwise, the Settlement, Settlement Conference, and/or this lawsuit.

9. As a result, the Court deems it appropriate and necessary to allow Plaintiffs the opportunity to address the statements made by Defendants for a 45-day period, after which time the Plaintiffs are ordered to comply with the confidentiality and disparagement terms of the Settlement Agreement. Plaintiffs may not breach the confidentiality of Settlement except:

    a. Plaintiffs may publish a truthful and accurate written statement in the literature of the Church and/or via email to members of the Church regarding the Settlement Agreement and related court proceedings for a period of 45 days, after which the Plaintiff shall remove and/or cease to publish the statement; and

    b. Plaintiffs may respond, orally or privately in writing, to questions from the community regarding the Defendants' posts, the Settlement Agreement and/or related court proceedings for a period of 45 days from the date of this Order.

10. As stated on the record, the Settlement Agreement [Dkt. No. 36] will be sealed at the end of the 45-day remedial period.

11. As stated on the record, the Court is taking under advisement Plaintiffs' request for monetary sanctions and for attorneys' fees and costs.

12. Defendants are hereby notified that failure to comply with this Order will result in further sanctions and/or contempt proceedings.

Dated: _____                             _____

                                                        Honorable David Schultz
                                                        United States Magistrate Judge