UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bishop Wayne Felton, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>De'Mario Jives, et al.,<br><br>Defendants. | Case No. 23-cv-467 (DTS)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on a motion to enforce a settlement agreement filed by Plaintiffs Bishop Wayne Felton and The Holy Christian Church International. ECF No. 40.[1] Pursuant to 28 U.S.C. § 636, United States Magistrate Judge David T. Schultz presides over this case. ECF Nos. 12, 23. The motion to enforce settlement agreement has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. ECF No. 64. The Court heard arguments and, on the record at the hearing, orally recommended that Plaintiffs' Motion to Enforce Settlement be granted effective immediately. ECF No. 77. The analysis set forth below explains the Court's reasoning.

---

[1] ECF No. 40 contains two requests for relief: enforcement of the settlement agreement and sanctions. This memorandum is a report and recommendation only as to the potion of Plaintiffs' motion requesting enforcement of the negotiated settlement, per the referral at ECF No. 64.

1

## I.   Background

Plaintiffs sued Defendants De'Mario Jives and DeMajio Media LLC, alleging that Defendants had defamed Plaintiffs and disparaged Plaintiffs' business. *See generally* Complaint, ECF No. 1. Specifically, Plaintiffs contended that Defendants defamed Plaintiffs in videos posted online from 2022 through 2023. ECF No. 1 at 7–12.

On September 11, 2024, the parties appeared with their respective counsel[2] at a settlement conference before the undersigned. ECF No. 27. Towards the end of the conference, the undersigned sent a list of proposed material terms for a settlement agreement to both parties, with the instructions that each party should respond—only to the undersigned—either "yes" or "no" to the proposed agreement. Ex. 1.[3] Defendants' counsel responded "yes," indicating that Defendants agreed to the settlement terms. Ex. 2. Plaintiffs also responded "yes." After the "yes" responses, both parties on the record agreed to the terms of the settlement agreement. ECF Nos. 27, 81. Defendants also stated on the record that they were satisfied with their attorney's representation. ECF No. 81 at 7:5–8.

Plaintiffs allege that, shortly after the parties entered into their agreement, Defendants violated the terms of the settlement agreement. ECF No. 45-6 at 2–6. Plaintiffs then filed their Motion for Enforcement of Settlement and For Sanctions, ECF No. 40.

---

[2] Defendants' attorney subsequently withdrew from representing Defendants. ECF No. 60. Defendants are appearing pro se in this motion to enforce settlement.
[3] Exhibits are attached to this Report and Recommendation.

## II. Analysis

Plaintiffs argue that the parties entered into a valid contract to settle the case and that the Court should exercise its inherent discretion to enforce the settlement agreement. ECF No. 48 at 15–18. Defendants seek to dissolve the settlement agreement, and they appear to argue that their attorney provided deficient representation at the settlement conference. ECF No. 69 at 1–2.

A district court has inherent power to enforce a settlement agreement in a case pending before the court. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Bergstrom v. Sears, Roebuck & Co.*, 532 F. Supp. 923, 934 (D. Minn. 1982). (quotation omitted). "The settlement of lawsuits is greatly favored," and "settlements will not be lightly set aside." *Unitarian Universalist Church of Minnetonka v. City of Wayzata*, 890 F. Supp. 2d 1119, 1124 (D. Minn. 2012).

Basic principles of contract law govern the enforcement of a settlement agreement. *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006). Under Minnesota law,[4] an enforceable settlement "requires the parties to reach agreement on the essential terms of the deal." *Sheng v. Starkey Labs, Inc.*, 117 F.3d at 1083 (citing *Ryan v. Ryan*, 193 N.W.2d 295, 297 (Minn. 1971)).

---

[4] Plaintiff analyzes the settlement agreement using Minnesota law; Defendant does not appear to contest that Minnesota law governs the settlement agreement. The Court therefore analyzes the agreement under Minnesota law.

The Exhibits attached to this Report and Recommendation reflect such an agreement. The essential terms of the deal were laid out in comprehensive fashion in an email to Defendants, along with clear instructions to respond either "yes" or "no" to the agreement. Ex. 1. Defendants' counsel responded to the email with "yes," indicating that Defendants agreed to those essential terms of the deal. Ex. 2.

In addition, the transcript of the settlement conference reflects that Defendants agreed to the essential terms of the deal. Defendant Jives responded "Yes" when asked if he was "willing to accept and bind [himself], as well as the entities that are the defendants in this case, to [the] full and final settlement." Tr. Settlement Conf., ECF 81 at 6:25–7:4. He was asked if he was "satisfied again with [his attorney] and his [attorney's] law firm's representation of [him] and the entities that are defendants in this lawsuit" and responded "Yes." *Id.* at 7:5–8. He agreed that he was "accepting for both, [himself] individually and the entities." *Id.* at 7:9–11. And he again stated "Yes" when asked if "[he was], in fact, accepting the deal." *Id.* at 7:17–19.

Defendants' unambiguous "yes" email statement in response to the undersigned's email and his statements on the record objectively manifest Defendants' assent to those material settlement terms. Defendants cannot now claim, without any evidence, that they secretly intended to reject those terms when Defendants' outward conduct, written statement, and verbal statements expressed agreement. Defendants have also not produced any more than unsupported accusations of ineffective assistance of counsel. Finally, with

respect to Defendant DeMajio Media LLC, the motion to enforce settlement should be granted because it is unopposed.[5]

The Court finds that Defendants agreed on the essential terms of the settlement deal, so the Court concludes that an enforceable settlement agreement has been reached between the parties. Accordingly, the Court recommends that the settlement agreement, as expressed in Exhibit 1, should be enforced as a Court order between the parties, effective immediately.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Enforcement of Settlement and for Sanctions, ECF No. 40, be granted to the extent that it relates to the enforcement of the settlement agreement between the parties; and

2. The parties' settlement agreement, as reflected in Exhibit 1, be enforced as a Court order between the parties, effective immediately.

Date: November 15, 2024                    */s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Felton v. Jives*
                                           Case No. 23-cv-467 (DTS)

---

[5] Defendant DeMajio Media LLC is not represented by an attorney. "It is settled law that a corporation may be represented only by licensed counsel." *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983). Because no attorney has filed an opposition to Plaintiff's motion on behalf of Defendant DeMajio Media LLC, the motion is unopposed as it relates to the corporation.

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

# Exhibit 2

# Tony Leung

**From:** Ross Tentinger <ross@tentingerlawfirm.com>
**Sent:** Wednesday, September 11, 2024 7:02 PM
**To:** Tony Leung
**Subject:** Re: Mediator's Proposal

**CAUTION - EXTERNAL:**

Yes.

Ross Tentinger
Attorney at Law

**Tentinger Law Firm, P.A.**
**14665 Galaxie Ave, Ste 140**
**Apple Valley, MN 55124**
www.tentingerlawfirm.com
Tel: 952-953-3330
Fax: 952-953-3331

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

Receipt of this e-mail message by anyone other than the intended recipient(s) is not a waiver of any attorney-client or work product privilege.

---

**From:** Tony Leung <TNLeung@mnd.uscourts.gov>
**Sent:** Wednesday, September 11, 2024 6:37 PM
**To:** Ross Tentinger <ross@tentingerlawfirm.com>
**Subject:** Mediator's Proposal

Please respond back just to me (not the other side) "yes" or "no" to the attached mediator's proposal. Thank you. TNL

Chambers Address:
Honorable Tony N. Leung
United States Magistrate Judge
Diana E. Murphy United States Courthouse, 9W
300 South Fourth Street
Minneapolis, MN 55415
Chambers Phone: (612) 664-5470
Direct Email: TNLeung@mnd.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.