RECEIVED
AUG 0 1 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# EXHIBIT B

## Dkt. 93 (Attorney's Fees Order)



UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bishop Wayne R. Felton and The Holy Christian Church International,<br><br>Plaintiffs,<br><br>v.<br><br>De'Mario Jives and DeMajio Media LLC,<br><br>Defendants. | Case No. 23-cv-467 (DTS)<br><br>**ORDER** |

The Court previously awarded Plaintiffs attorneys' fees to enforce a settlement and file related motions. Now Plaintiffs submit a declaration requesting $27,845.00 in fees. Finding Plaintiffs' rates and hours worked reasonable, Plaintiffs are awarded the requested $27,845.00.

## ANALYSIS[1]

### I.  Attorneys' Fees

The party seeking attorneys' fees has the burden of establishing that the fees sought are reasonable and should submit evidence supporting the rates claimed and hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 437 (1983). "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). After the lodestar amount is determined, the court should consider whether it should be enhanced or reduced, which depends on the

---

[1] This Order incorporates by reference the facts and procedural posture outlined in two prior orders. *See* Dkt. Nos. 38, 88.

"important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434 (citation omitted). Trial-court judges need not "become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

**A.   Rates**

"Generally, to determine whether an hourly rate is reasonable, courts look at the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re RFC*, 399 F. Supp. 3d 827, 846 (D. Minn. 2019) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The relevant legal community is generally the location where the case is litigated. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). Here, that community is the Twin Cities. Evidence of reasonable rates includes affidavits describing the qualifications and experience of the attorneys working on the case and fee awards in similar cases. *Bores v. Domino's Pizza LLC*, 05-cv-2498, 2008 WL 4755834, at *6 (D. Minn. Oct. 27, 2008). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)

To support the requested rates, Plaintiffs submit a declaration of Pamela Dattilo, the lead partner on the case. Decl. of Pamela Dattilo Regarding Pls.' Attys' Fees and Costs, Dkt. No. 90 (Dattilo Fees Decl.). As Dattilo explains, she has 16 years of litigation experience and charged a discounted rate of $400 per hour. *Id.* ¶ 3.[2] A second partner,

---

[2] According to Dattilo, her "standard hourly rate has ranged from $450 to $500/hour." Dattilo Fees Decl. ¶ 3.

Nicholas Nelson, charged the same discounted hourly rate. *Id.* ¶ 10. According to Datillo, $400 per hour is reasonable based on her experience of rates charged by other law firms in the Twin Cities. *Id.* ¶ 5. In the Court's experience, Dattilo is correct. The rate of $400 is similar to rates found reasonably by other courts in this District. *In re Lindell Mgmt. LLC Litig.*, No. 23-cv-1433, 2024 WL 3717352, at *1–2 (D. Minn. Aug. 8, 2024) (finding the rate of $400 per hour reasonable for litigating an uncomplicated discovery dispute); *Sanders v. BNSF Ry. Co.*, No. 17-cv-5106 (ECT/JFD), 2022 WL 17414504 (D. Minn. Dec. 5, 2022) (finding the rate of $475 per hour reasonable for a junior partner with just over 10 years of experience); *Rosen v. Wentworth*, 13 F. Supp. 3d 944, 951 (D. Minn. 2014) (finding the rate of $450 reasonable for an attorney with 20 years of experience). Nor was counsel's post-settlement work on this case run of the mill. Plaintiffs obtained a temporary restraining order, enforced a settlement, and prevailed on a motion for sanctions. That Defendants terminated their counsel midstream only added to the unusual nature of these post-settlement proceedings. Therefore, the Court finds the requested hourly rates of $400 reasonable.

Plaintiffs also request fees for a paralegal's work on this case at the hourly rate of $150. Dattilo Fees Decl. ¶¶ 4, 10. The paralegal, Kathryn Rogness, obtained her Juris Doctor in 2007 and is licensed to practice law in Minnesota (although her license is currently voluntarily suspended). *Id.* ¶ 4. The Court finds that $150 per hour is a reasonable rate for a paralegal with her experience. *See, e.g., Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719, 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018) (awarding rates between $160 and $200 per hour for paralegals); *Eclipse Sportswire v. Sports*

*Moments Plus, LLC*, No. 21-cv-1638, 2022 WL 2841405, at *4–5 (D. Minn. July 19, 2022) (finding the rate of $200 per hour reasonable for a paralegal).

B. **Hours Worked**

Plaintiffs request fees for 98.8 hours of post-settlement work. Dattilo Fees Decl. ¶ 10. That work included three legal briefs, seven substantive declarations, and five in-person hearings (although the Court held three of those hearings on the same day). *Id.* ¶ 7. To support their request, Plaintiffs submit itemized timesheets. *See* Dattilo Fees Decl., Ex. A at 1–4. Having carefully reviewed Plaintiffs' timesheets, the Court finds all 98.8 hours of work reasonable.[3]

C. **Lodestar Figure**

The lodestar figure is therefore calculated as follows:

| Timekeeper | Hourly Rate | Total Hours | Total Fees by Timekeeper |
|---|---|---|---|
| Pamela A. Dattilo (Partner) | $400.00 | 49.8 | $19,920.00 |
| Nicholas Nelson (Partner) | $400.00 | 2.3 | $920.00 |
| Kathryn Rogness (Paralegal) | $150.00 | 46.7 | $7,005.00 |
| | | 98.8 | **$27,845.00** |

Dattilo Fees Decl. ¶ 10; Dattilo Fees. Decl., Ex. A.[4] There is a strong presumption that this lodestar figure represents a reasonable fee. *City of Burlington v. Dague*, 505 U.S.

---

[3] That a paralegal performed almost half of the hours worked at a substantially lower rate further bolsters the reasonableness of Plaintiffs' request. *Members Grp., Inc. v. Chevron Texaco Fed. Credit Union*, No. 406CV00252, 2007 WL 9712114, at *4 (S.D. Iowa Mar. 19, 2007) ("Separation of duties among employees with different skill sets is not over-lawyering, but effective lawyering, because tasks are not assigned to a partner that can be accomplished by an associate or paralegal and billed at a lower rate.").

[4] A table in Dattilo's declaration provides that Dattilo performed 45.4 hours of work and that Rogness performed 51.1 hours of work. *See* Dattilo Fees Decl. ¶ 10. 45.4 times $400 does not equal $19,920. Having independently tabulated the total number of hours

4

557, 562 (1992). Nonetheless, courts may consider several factors "when determining whether to adjust the loadstar amount upward or downward." *In re RFC*, 399 F. Supp. 3d 827, 842 (D. Minn. 2019). Here, neither party requests an upwards or downwards adjustment. *See* Dattilo Fees Decl. *See generally* Docket (no response from Defendants). Regardless, the Court would not find an adjustment merited here. Therefore, the Court awards Plaintiffs attorneys' fees in the amount of $27,845.00.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED**: Plaintiffs are awarded $27,845.00 in attorneys' fees, payable jointly and severally by Defendants.

Dated: January 23, 2025                    s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           U.S. Magistrate Judge

---

worked by timekeeper (according to Plaintiffs' timesheets), the numbers of "total hours" in the declaration's chart appear to be incorrect, although the total fees for each timekeeper are correct. *Compare* Dattilo Fees Decl. ¶ 10, *with* Dattilo Fees Decl. Ex. A. Accordingly, the Court assumes the chart's 45.4 hours for Dattilo and 51.1 hours for Rogness to be a clerical error.

5