RECEIVED
AUG 2 6 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bishop Wayne R. Felton, individually, and The Holy Christian Church International, <br><br> Plaintiffs, <br><br> v. <br><br> De'Mario Jives, individually, and DeMajio Media LLC, <br><br> Defendants. | Court File No. 23-cv-467 (DTS) <br><br><br> **PLAINTIFFS' MOTION TO COMPEL JUDGMENT DEBTOR TO TRANSFER ASSETS AND MEMORANDUM OF LAW IN SUPPORT** |

INTRODUCTION

Plaintiffs respectfully move this Court for an order compelling Defendant De'Mario J. Jives and DeMajio Media LLC to disclose, transfer, and deliver assets into this jurisdiction sufficient to satisfy the judgments entered on December 11, 2024, and January 23, 2025, plus post-judgment interest. Defendant resides in the Middle District of Florida but has repeatedly failed to satisfy or disclose assets.

This Court, which rendered the judgments, possesses *in personam jurisdiction* over Defendant. It is well-established that a court may compel a judgment debtor subject to its personal jurisdiction to act with respect to property located outside the territorial boundaries of the court, provided the order operates on the person and not directly upon the property itself.

SCANNED
AUG 2 6 2025
U.S. DISTRICT COURT MPLS

1

## BACKGROUND

On December 11, 2024, this Court entered judgment against Defendant Jives in the amount of $50,000.00 following sanctions proceedings. On January 23, 2025, this Court entered an additional judgment awarding Plaintiffs $27,845.00 in attorneys' fees. Both judgments remain unsatisfied. Defendant resides in Florida and controls assets including bank accounts and electronic payment accounts outside Minnesota.

Pursuant to 28 U.S.C. § 1963, Plaintiffs registered the judgments in the Middle District of Florida. Garnishment efforts there have been frustrated by procedural objections, even as the Defendant has made no effort to establish a payment plan or otherwise demonstrate good faith in satisfying his obligations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(1) provides that a money judgment is enforced by a writ of execution, and the procedure on execution must accord with the practice of the state where the court is located. Rule 69(a)(2) further authorizes a judgment creditor to obtain discovery from the judgment debtor in aid of execution.

The Supreme Court has long recognized that, where a court has in personam jurisdiction, it may compel a defendant to act with respect to property beyond its territorial jurisdiction so long as the order operates on the person rather than directly upon the property. *Fall v. Eastin*, 215 U.S. 1, 11 (1909); *French v. Hay*, 89 U.S. 250, 252–53 (1874). This principle remains foundational: enforcement acts upon the person subject to the court's jurisdiction, and compliance is compelled through contempt rather than by directly transferring title to property located elsewhere.

The District of Minnesota has followed this same reasoning in judgment enforcement. See *Walman Optical Co. v. Quest Optical, Inc.*, No. 11-cv-96 (DWF/TNL), 2012 WL 3248150, at *8 (D. Minn. Aug. 9, 2012) (recognizing authority to impose civil-contempt sanctions to secure compliance with judgment enforcement obligations). Likewise, in *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998), the Eighth Circuit confirmed that courts possess inherent power to compel obedience to their orders through contempt. These authorities confirm the Court's power to direct Jives to act on assets, wherever located, in satisfaction of the judgment.

## AUTHORITIES

Modern case law supports this Court's authority to compel turnover of assets held outside Minnesota. In *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533 (2009), the New York Court of Appeals held that post-judgment enforcement requires only personal jurisdiction over the debtor; the court may order a debtor to deliver out-of-state property into the forum. Florida courts have embraced this same principle. In *Schanck v. Gayhart*, 245 So. 3d 970 (Fla. 1st DCA 2018), the court upheld a turnover order requiring the debtor to reissue and deliver foreign stock certificates. In *Ciungu v. Bulea*, 162 So. 3d 290 (Fla. 1st DCA 2015), a Florida appellate court permitted an order directing the distribution of Romanian property, because the command operated on the person rather than on foreign title.

By contrast, earlier Florida precedent in *Sargeant v. Al-Saleh*, 137 So. 3d 432 (Fla. 4th DCA 2014), declined to recognize such turnover jurisdiction. However, the Florida Supreme Court expressly disapproved *Sargeant* in *Young Bock Shim v. Buechel*, 2022 Fla.

LEXIS 851 (Fla. May 26, 2022), holding that Florida Statute § 56.29(6) grants courts broad authority to compel debtors to act on assets outside the jurisdiction. The Court confirmed that enforcement operates in personam, with contempt as the appropriate remedy for noncompliance.

Together, these authorities affirm that a debtor cannot frustrate judgment enforcement simply by relocating assets to another jurisdiction. Once a court has personal jurisdiction over a debtor—as this Court does here—it may compel disclosure and turnover of assets, regardless of their location.

## ARGUMENT

1. **This Court retains jurisdiction over Defendant.**

Defendant Jives was properly before this Court and remains subject to its judgments and orders. His relocation or residence in Florida does not divest this Court of jurisdiction to enforce its judgments.

2. **In personam jurisdiction permits turnover orders.**

Because this Court has personal jurisdiction over the Defendant, it may compel him to act with respect to property outside Minnesota. Enforcement orders of this nature are directed at the person and not at the property itself. Compliance is secured through contempt, not through direct adjudication of property title. This is consistent with *Fall v. Eastin*, *French v. Hay*, and the modern authorities cited above.

3. **Modern authority confirms creditors cannot be thwarted by relocation of assets.**

Courts across jurisdictions have rejected the notion that debtors may evade enforcement by moving assets abroad or into another state. The Florida Supreme Court in *Buechel*

4

made this explicit, disapproving *Sargeant* and adopting the majority rule: debtors subject to personal jurisdiction must comply with turnover orders wherever their assets are located. This Court should follow that persuasive reasoning, together with Eighth Circuit authority recognizing broad contempt powers to enforce judgments, and compel Defendant Jives to act.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order:

1. Compelling Defendant Jives to provide, under oath, a full accounting of all assets in which he has a legal or beneficial interest, wherever located;

2. Directing Defendant to transfer or deliver sufficient assets into the District of Minnesota or the registry of the Court to satisfy Plaintiffs' judgments, plus post-judgment interest;

3. Ordering Defendant to appear for a judgment debtor examination under Rule 69(a)(2); and

4. Authorizing contempt sanctions in the event of noncompliance.

## CONCLUSION

This Court has the authority and responsibility to ensure that its judgments are not rendered meaningless by a debtor's refusal to comply. Plaintiffs respectfully request that the Court grant this motion and enter the relief outlined above.

Respectfully submitted,

*[signature]*

Bishop Wayne R. Felton
Plaintiff, *Pro Se*

125 Stevens Street West
St. Paul, MN 55107
bishop@thcci.org