UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**Wayne Felton,**
Plaintiff,

v.

**De'Mario Jives,**
Defendant.

Case No. 0:23-cv-00467-DTS

RECEIVED
SEP 0 3 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**INTRODUCTION**

Defendant, De'Mario Jives, respectfully submits this Response in Opposition to Plaintiff's Motion to Compel. Plaintiff's motion is wholly without merit, grounded in mischaracterizations, and represents yet another attempt to weaponize the judicial system as a means of harassment. The record clearly demonstrates that Defendant has complied with the Court's prior orders, has not engaged in conduct directed at Plaintiff, and possesses no assets or property that could be compelled for turnover.

**I. PLAINTIFF'S MOTION IS BASELESS AND HARASSING**

Since the inception of this matter, Plaintiff Wayne Felton has repeatedly attempted to distort the nature of Defendant's work as a journalist and media personality. Defendant is a licensed journalist and trained in media production, who covers political, religious, and public figures on both a national and international scale. Plaintiff's assertion that Defendant's commentary has been directed at him personally is demonstrably false.

Defendant produces content that often involves widely publicized court cases, clergy misconduct, and other matters of public concern. Defendant consistently identifies the individuals or entities he critiques. Plaintiff has failed to provide a single recording, transcript, or piece of evidence in which Defendant has referenced Plaintiff, his family, or his church. Instead, Plaintiff misappropriates general commentary on unrelated cases and misapplies it to himself.

This constitutes not only a misrepresentation to the Court, but also a bad faith effort to silence Defendant's protected speech under the First Amendment of the United States Constitution.

**II. DEFENDANT HAS COMPLIED WITH ALL COURT ORDERS**



Pursuant to this Court's directive, Defendant has refrained from making any reference to Plaintiff, his family, his church, or this litigation. To further ensure compliance, Defendant has deleted from his platform all videos previously at issue. Defendant has not republished, reposted, or otherwise distributed any content in violation of the Court's orders.

Plaintiff's assertion to the contrary is unsupported and reckless. Defendant has repeatedly requested that Plaintiff be required to substantiate his claims with actual evidence. To date, Plaintiff has provided none.

### III. DEFENDANT POSSESSES NO ASSETS SUBJECT TO TURNOVER

Plaintiff further seeks to compel production or turnover of Defendant's alleged "assets." This request is both unfounded and misleading. Defendant currently owns only one vehicle, a 2013 BMW X-series SUV, which is non-operational due to a failed engine. Its value has significantly depreciated, and it is of no practical utility. Beyond this inoperable vehicle, Defendant possesses no assets of material value.

Defendant resides in a rental property and has no real estate holdings, financial accounts, or other attachable property. Plaintiff's request to compel asset turnover is therefore baseless and intended solely as a tactic of intimidation.

### IV. PLAINTIFF'S MOTION IS AN IMPROPER USE OF THE COURT SYSTEM

This case has been repeatedly used by Plaintiff as a platform for harassment. Even after resolution, Plaintiff has persisted in refiling motions, seeking sanctions, and re-litigating matters long settled. Defendant has made every good faith effort to resolve this matter, including requests to appear remotely due to significant financial hardship, which Plaintiff continues to exploit.

The Court should not countenance this abuse of process. Litigation must not be permitted to serve as a tool of personal vendetta.

### V. CONSTITUTIONAL PROTECTIONS MUST BE RECOGNIZED

As a journalist and commentator, Defendant operates within the bounds of the First Amendment. Plaintiff's attempt to silence Defendant's general reporting on unrelated public matters is an impermissible restriction on free speech. The Supreme Court has long held that commentary on public officials and matters of public concern enjoys heightened protection. To allow Plaintiff to distort unrelated broadcasts into personal attacks would chill constitutionally protected expression and set a dangerous precedent.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **DENY** Plaintiff's Motion to Compel in its entirety;
2. Recognize Defendant's full compliance with prior Court orders;
3. Acknowledge that Defendant possesses no assets subject to turnover;
4. Issue any further relief the Court deems just and proper to curb Plaintiff's misuse of judicial process.

Respectfully submitted this 31 day of August, 2025.

De'Mario Jives
Pro Se Defendant