RECEIVED
SEP 0 3 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Wayne R. Felton, et al.,
Plaintiffs,

v.

De'Mario Jives, individually,

and DeMajio Media LLC,
Defendants.

Case No. 23-cv-467 (DTS)

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT, ENTER EMERGENCY JUDGMENT, AND FOR CONTEMPT SANCTIONS

### INTRODUCTION

Defendants respectfully submit this Response in Opposition to Plaintiffs' Motion, which improperly seeks to weaponize the judicial process as a tool of harassment, exaggeration, and financial punishment against a constitutionally protected journalist and commentator.

The record demonstrates that Plaintiffs' motion is not grounded in fact or law, but rather in a persistent pattern of speculative allegations, distortions, and misrepresentations regarding content that does not reference Plaintiffs. Plaintiffs have failed to produce clear and convincing evidence that Defendants violated the Settlement Agreement in any manner warranting contempt, judgment, or additional sanctions.

### FACTUAL BACKGROUND

1. Defendant **De'Mario Jives** is a long-established journalist, commentator, and social media personality with an academic background in videography, media production, and journalism. His content addresses political, religious, and public figures of national and international significance, including but not limited to leaders in Florida, Texas, and across the United States.

SCANNED
SEP 0 3 2025
U.S. DISTRICT COURT MPLS

2. Since **1994**, Defendant has resided primarily in Florida, with limited relocation to Minnesota solely for the purpose of college between 2008 and 2013. Plaintiffs' repeated references to Minnesota as Defendant's "home" are misleading and irrelevant to the issues before this Court.

3. Defendant has complied in good faith with the Court's prior orders. He has **removed and deleted content**, refrained from naming Plaintiffs, and has not created any new content specifically concerning Plaintiffs, their family, or their church.

4. Plaintiffs have failed to produce direct evidence demonstrating that Defendant has **willfully violated** the Settlement Agreement. Instead, they repeatedly seize upon generalized commentary, innuendo, and unrelated subject matter in an effort to claim personal injury where none exists.

## ARGUMENT

### I. Plaintiffs Have Failed to Establish Clear and Convincing Evidence of Contempt

Civil contempt requires proof of a "clear and definite" violation of a court order. See *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504–05 (8th Cir. 2000). Plaintiffs' accusations rest on speculation and mischaracterization of Defendant's commentary, which is directed at **broad public issues** and not at Plaintiffs.

- Plaintiffs repeatedly allege "41 violations" but fail to provide verifiable, admissible proof that any video contains express reference to Plaintiffs.
- Defendant's commentary on unrelated litigation in **Texas and Florida** involving bishops and pastors is misappropriated by Plaintiffs as though it referred to them.
- Defendant has expressly **avoided naming Plaintiffs**, and when addressing sensitive matters, makes clear reference to different individuals and cases.

The absence of concrete, direct references to Plaintiffs defeats the heightened evidentiary standard required for contempt.

### II. Plaintiffs' Attempt to Enforce Liquidated Damages of $2.1 Million Is Unconscionable and Punitive

The Settlement Agreement's "$100,000 per violation" clause cannot be enforced as written because it operates as an unlawful penalty, rather than a reasonable forecast of damages. See *Walman Optical Co. v. Quest Optical, Inc.*, No. 11-cv-96, 2012 WL 3248150, at *8 (D. Minn. Aug. 9, 2012).

- Plaintiffs cannot demonstrate **actual damages** arising from any alleged content. Their claims of reputational harm are speculative and unsupported.

- Defendant is a private individual of limited means, owning only a **2013 BMW SUV** that is non-operational due to a failed engine. He has no significant assets, real estate, or liquid funds. Enforcement of a multi-million-dollar judgment would therefore serve no compensatory purpose and would be purely punitive.

Federal law prohibits punitive civil contempt sanctions. See *United Mine Workers v. Bagwell*, 512 U.S. 821, 830–31 (1994).

---

### III. Defendant Has Acted in Good Faith and Substantially Complied With Court Orders

Contrary to Plaintiffs' assertions, Defendant has:

- **Removed and deleted videos** from his platforms in compliance with the Settlement Agreement.
- **Ceased discussion** of Plaintiffs, their family, and their church, except where Plaintiffs themselves have injected these issues into public discourse.
- **Respected the Court's directive** not to disparage Plaintiffs, while continuing to exercise his First Amendment right to discuss matters of public concern unrelated to Plaintiffs.

To the extent that content remains accessible through third-party reposts, mirrors, or commentary beyond Defendant's control, such cannot constitute a violation attributable to him.

---

### IV. Plaintiffs Are Using the Court as an Instrument of Harassment

The instant motion reflects a **pattern of vexatious litigation** by Plaintiffs, designed not to remedy actual harm but to silence lawful journalism. Courts have repeatedly held that the judicial system cannot be used to chill protected speech. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

Defendant has already incurred substantial hardship defending against meritless motions, including travel expenses he cannot afford. He has repeatedly requested to appear remotely due to financial incapacity, yet Plaintiffs continue to press motions that increase costs and burdens without advancing legitimate claims.

---

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court:

1. **Deny Plaintiffs' Motion** in its entirety;
2. Find that Plaintiffs have failed to establish clear and convincing evidence of contempt;

3. Decline to enforce the punitive and unconscionable $100,000-per-violation clause;

4. Recognize that Defendant has substantially complied with the Court's orders and acted in good faith; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: 08/31/2025

**De'Mario Jives, Pro Se**
7410 Becky Thatcher Lane
Tampa, FL 33637
info@demajio.com